ALFARO, PLAINTIFF AND APPELLEE, *v.* ALONSO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in Injunction Proceedings for the Recovery of the Possession of Real Property.

No. 1858.—Decided January 31, 1919.

INJUNCTION TO RECOVER POSSESSION—JOINDER OF ACTIONS.—Where, as in this case, an action is brought under Act No. 43 of 1913 for the recovery of the possession of real property, no other action should be joined with it.

ID.—CONCLUSIONS OF LAW.—Conclusions of law are permissible in a complaint if the facts on which they are based are alleged also.

ID.—EVIDENCE.—As the only issue in this case is whether the plaintiff was deprived of the physical possession of the property by forcible acts of the defendant, it was not necessary to prove the right under which the plaintiff held such physical possession.

ID.—ID.—CONTRADICTORY EVIDENCE.—The Supreme Court will not disturb the findings on the evidence made by the lower court unless it be shown that the lower court was influenced by passion, prejudice, or partiality, or that it committed manifest error.

The facts are stated in the opinion.

*Mr. Sergio León* for the appellant.

*Mr. Carlos Brunet* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Mariano Alfaro Díaz filed a verified complaint in the District Court of Ponce, alleging in substance that for several years and until the month of September, 1917, he had been in possession as usufructuary of a described property of twelve acres of land belonging to Emilio Alfaro; that in the said month of September defendant Teodoro Alonso, through his servants J. P. Colón and J. R. Dávila, forcibly and against the will of the plaintiff entered the said property and removed the wire fence which enclosed it, erecting the fence elsewhere and prohibiting the plaintiff's servants from entering the property, thereby depriving the plaintiff

of the possession of his property in an unlawful and malicious manner.

The defendant made a motion to strike, which was sustained in part; filed a demurrer, which was overruled, and answered the complaint. The case went to trial and the court gave judgment for the plaintiff, whereupon the defendant took the present appeal.

Seven errors are assigned by the appellant in his brief, of which two refer to the motion to strike and to the demurrer, one to the admission of evidence, three to the weight given to the evidence and one to the costs.

As stated, the motion to strike was sustained in part. The court allowed the striking out of the fifth count of the complaint, which set up a claim for damages, on the ground that when, as in this case, an action is brought under Act No. 43 of 1913 to recover the material possession of a property, no other action can be joined with it; but refused to strike out the allegations of the complaint which the defendant characterized as conclusions of law, and the defendant now insists that the court erred in the last part of its decision. It is true that the complaint contains conclusions of law, but such conclusions are alleged jointly with the facts from which they are derived, and this is permissible. Pomeroy's Code Remedies, p. 560 *et seq.*

The complaint is not ambiguous. Plaintiff's material possession of the property is compatible with its ownership by another person. The plaintiff had the usufruct of the property and, being in possession as usufructuary, had a right to bring the action under Act No. 43 of 1913. *Serrano* v. *Succession of Santos,* 24 P. R. R. 163.

The complaint also states facts sufficient to constitute a cause of action, for all the elements required by the said Act No. 43 of 1913 are alleged therein with sufficient clearness. *Mattei* v. *Badillo,* 21 P. R. R. 159.

In submitting his evidence the plaintiff offered a deed

executed on September 20, 1913, before a notary public, witnessing the sale of the said property of twelve acres to Emilio Alfaro. The deed is not endorsed as recorded in the registry of property. Defendant objected to its admission "because, as shown by the deed itself, the property was acquired by a private document and the deed cannot prejudice the rights of Teodoro Alonso as to the possession of the property." The court admitted the deed "to be given such weight as it may have in connection with the rest of the evidence."

The only issue in this action is whether the plaintiff was deprived of the material possession of the property by the forcible acts of the defendant. It was not necessary to show by what right the plaintiff was in possession and therefore the introduction of the deed was not essential. However, it helped to explain and strengthen the plaintiff's case, and we do not find that the court committed prejudicial error in admitting it.

The appellant contends that the court erred in not holding that the action was barred because more than four months had elapsed since the defendant took possession of the property; in not holding that the plaintiff was estopped from claiming a possession which he had surrendered voluntarily, and in holding that the plaintiff's allegations had been proved. These three assignments should be considered together. The evidence was contradictory. That of the plaintiff tends to show that Emilio Alfaro had been the owner of the property of twelve acres since September, 1913; that the property was never sold nor his possession thereof surrendered to the defendant; that the plaintiff was in possession of the property, and that the defendant is now in possession of it because he entered against the will of the plaintiff. On the other hand, the defendant's evidence tends to show that by a public deed executed on February 26, 1917, he purchased from the said plaintiff and his wife a prop-

erty of 123 acres which included the property of twelve acres sued for in this action, and that possession of the whole property was delivered to him, for which reason he entered lawfully and not forcibly into possession of the property in dispute. The judge of the district court who heard the personal testimony of the plaintiff, the defendant and the witnesses introduced by them, adjusted the conflict in favor of the plaintiff, and as it has not been shown that he was influenced by passion, prejudice, or partiality, or that he committed any manifest error, his finding, according to the settled jurisprudence of this court, should not be disturbed.

The conflict in the evidence having been decided in favor of the plaintiff, we do not see how it can be successfully maintained that the court erred in imposing the costs upon the defendant.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.